UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HOANG AI LE,<br><br>Defendant. | Case No. 96-cr-00094-JSW-7<br><br>**ORDER GRANTING, IN PART, MOTION TO CORRECT FOR CLERICAL ERROR**<br><br>Re: Dkt. Nos. 2402, 2415 |

On August 19, 2021, Defendant Hoang Ai Le ("Le") filed a *pro se* motion to correct his sentence for clerical error under Federal Rule of Criminal Procedure 36. After receiving responses from the Government and the United States Probation Office, the Court appointed counsel and the parties filed supplemental briefs on this issue. For the reasons that follow, the Court GRANTS, IN PART, Le's motion.

**BACKGROUND[1]**

On June 22, 2000, a jury convicted Le of conspiracy in violation of the Racketeering Influenced Corrupt Practices Act ("Count 2"), a violation of 18 U.S.C. section 1951(a) ( "Hobbs Act robbery") ("Count 11"); conspiracy to commit Hobbs Act robbery ("Count 10"); use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. section 924(c) ("Count 12"); conspiracy to distribute heroin ("Count 16"), and distribution of heroin ("Count 17"). *See United States v. Luong*, 215 Fed. Appx. 639, 643-44 (9th Cir. 2006) ("*Luong I*").

On August 9, 2001, the Honorable Marilyn Hall Patel sentenced Le to a total term of 240 months in prison. (Dkt. Nos. 1522, 1540.) On December 26, 2006, the Ninth Circuit affirmed

---

[1] The facts are drawn from the records in this and Le's co-defendant's case.

1

1  Le's conviction but remanded the case for re-sentencing because Le was sentenced under a
2  mandatory sentencing guidelines scheme. *Luong I*, 215 Fed. Appx. at 646-47.

3    On October 1, 2009, Judge Patel resentenced Le and re-sentenced one of his co-defendants,
4  Huy Chi Luong ("Luong"). Luong also was a defendant in a case pending before Judge William
5  B. Shubb in the United States District Court for the Eastern District of California, *United States v.*
6  *Luong, et al.*, No. 96-cr-00350 WBS. (*See, e.g.,* Dkt. No. 1996, Luong Amended Judgment.) At
7  the time Luong was sentenced in this District, Judge Shubb had sentenced Luong to a term of 40
8  years. Luong appealed that sentence, and his appeal was pending on October 1, 2009. (Dkt. No.
9  2007, Luong Sentencing Transcript at 3:25-7:15.)

10    During the portion of the hearing relating to Luong's sentencing, there was a lengthy
11  discussion between the Court and counsel about the nature of Judge Shubb's sentence in Luong's
12  Eastern District case; whether Judge Patel should run her sentence concurrent to that sentence; and
13  what might happen with Judge Patel's sentence if the Ninth Circuit vacated Judge's Shubb's
14  sentence. (*Id.* at 7:16-16:6.) When Judge Patel orally pronounced her sentence, she stated that
15  Luong's conviction for a violation of Section 924(c) would run consecutive to the sentence
16  imposed in the Eastern District and stated the remainder of the sentence would run concurrent to
17  Luong's sentence in Eastern District case. (*Id.* at 22:25-23:24.) She also stated that

> it is the Court's intention with this sentence that it run with the sentence that was imposed in the Eastern District, understanding the length of that sentence there, other than the five years that must run consecutive.
>
> If that sentence should be vacated or reduced in any way, it is still the Court's intention that the defendant serve 20 years, the 240 months in this case, plus the five consecutive; and if the sentence is vacated in the Eastern District, that he continue to serve that sentence; or if it is reduced to the point where there is nothing – well, it could only run concurrent with less than the 20-year sentence – then he's to serve the full sentence in this case.
>
> Whatever sentence he gets in the Eastern District, if it is reduced below 20 years, is to run concurrent with that. But he is to serve a whole 20 years. So if he should get, in fact, 10 years, for some reason, than he has an additional 10 years to do on this case.

27  (*Id.* at 24:5-19.)
28    The written Judgment in Luong's case reflects that intent and states:

2

> Counts 1, 2, 10, and 11 to be served concurrent to the sentence imposed in EDCA 2:96CR 00350-009 WBS; Count 12 [Section 924(c)] to be served consecutive to the sentence imposed in EDCA 2:96CR00350-009 WBS;
>
> It is this Court's intent that if the sentence imposed in EDCA 2:96CR00350-009 WBS is reduced or remanded that the sentence imposed before this court on counts 1, 2, 10 and 11 be served concurrently only to the extent that sentence is at least 240 months. If it less that [*sic*] 240 months, the excess of this sentence shall run consecutively and the sentence on count 12 shall always run consecutive to the USDC EDCA sentence and this sentence.

(Dkt. No. 1996, Luong Amended Judgment at 3.)

Judge Patel then proceeded to sentence Le, who at the time also had charges pending before Judge Shubb in the Eastern District, but his case was *United States v. Luong, et al.*, No. 99-cr-00433 WBS, in which he was charged with one count of Hobbs Act robbery and one count of violating Section 924(c). When Judge Patel orally pronounced Le's sentence, she stated:

> you are sentenced as to Count 2 to a term of 180 months.
>
> As to Counts 10 and 11, a sentence of 40 months is imposed on each of those counts, to run concurrent with Count 2.
>
> As to Counts 16 and 17, a sentence of 180 months is imposed on each count, to run concurrent with the sentence imposed in Count 2.
>
> As to Count 12, that's the 924(c) count, a term of five years is imposed that runs consecutive to the sentence that was just imposed and to any other sentence that you are now serving. But I believe you are not serving any other sentence now.[2] And what happens and how that's dealt with in the Eastern District is another matter. I don't have any control over that.

---

[2] Because Le had not yet been sentenced in the Eastern District, he was not serving any other sentence. On March 8, 2010, Judge Shubb sentenced Le to a term of 340 months imprisonment: 100 months on the Hobbs Act robbery and 240 months on the Section 924(c) charge, which was to be served consecutively to the Hobbs Act robbery charge. *United States v. Luong, et al.*, No. 99-cr-433-7, Dkt. No. 1410. That Judgment does not reference this case. The Section 924(c) count was subsequently dismissed based a motion to vacate. On August 3, 2020, Judge Shubb re-sentenced Le to 240 months on the Hobbs Act robbery and did not state whether that sentence should run consecutively or concurrently to the sentence in this case. *See id.*, Dkt. Nos. 1901, 1912 (Sentencing Transcript at 61). The Ninth Circuit vacated that sentence and remanded for re-sentencing. *Id.*, Dkt. No. 1943. As of the date of this Order, that re-sentencing has not taken place.

1  (Dkt. No. 2032, Le Sentencing Transcript at 31:1-17.)[3]

2  The initial portion of Le's written Judgment conforms with Judge Patel's oral pronouncement of Le's sentence and states:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned as follows: Count 2: 180 months; Count 10: 180 months, concurrent to the sentence imposed on count 2; Count 11, 180 months, concurrent to the sentence imposed on counts 2, 10; Count 16: 180 months, concurrent to the sentence imposed on counts 2, 10, 11; Count 17: 180 months, concurrent to the sentence imposed on counts 2, 10, 11, and 16; Count 12: 60 months, consecutive imposed on counts 1, 10, 11, 16, and 17; for a total term of 240 months.

(Dkt. No. 1995, Le Amended Judgment at 3.)

As noted, Judge Patel did make any statements about whether Le's sentence was to run concurrently or consecutively to any sentence that would be imposed in the Eastern District. However, the written Judgment concludes:

> Sentence imposed on counts 2, 10, 11, 16, and 17 *to be served concurrent to sentenced [*sic*] imposed in EDCA 2:96CR00350 WBS;* Sentence imposed on count 12 *to be served consecutive to EDCA 2:96CR00350 WBS*; it is this Court's intent that this sentence shall be served completely in the event that the sentence imposed in EDCA is reduced or remanded such that if the sentence in EDCA 2:96CR00350 WBS is reduced below 180 months, the excess of this sentence on counts 1, 10, 11, 16, and 17 shall be served and the 60 months on count twelve shall always be served to [*sic*] the EDCA sentence and this sentence.

(*Id.* (emphasis added).)  That language mirrors the language used by Judge Patel during *Luong*'s re-sentencing and mirrors the language in the Judgment in Luong's case.  Le's projected release date is November 2, 2037.

The Court will address additional facts in the analysis.

//

//

---

[3]     On March 18, 2011, the Ninth Circuit affirmed.  *United States v. Le*, 422 Fed. Appx. 610 (9th Cir. 2011).

4

**ANALYSIS**

Le moves to correct his sentence under Federal Rule of Criminal Procedure 36, which provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The parties and the Probation Officer agree that the reference in Le's Judgment to Eastern District Case No. 96CR00350 WBS is incorrect because Le was not a defendant in that case. From there, the parties' positions diverge.

Le argues that the Court should substitute the correct number into the Judgment so that it would reflect that Counts 2, 10, 11, 16, and 17 are to be served concurrent to the sentence imposed in Le's Eastern District case. The Government argues the Court should simply strike the reference to the Eastern District case number.

In general, a court's oral pronouncement of sentence controls. "It is the words pronounced by the judge at sentencing, not the words reduced to writing in the judge's Judgment/Commitment Order that constitute the legal sentence." *United States v. Bergmann*, 836 F.2d 1220, 1221 (9th Cir. 1988). If, however, the oral pronouncement of sentence is ambiguous and the written sentence resolves that ambiguity, the written sentence will control. *See, e.g., United States v. Garcia,* 37 F.3d 1359, 1360 (9th Cir. 1994) (citing *Green v. United States*, 447 F.2d 987 (9th Cir. 1971)). In addition to these general principles, "[m]ultiple terms of imprisonment imposed at different times run consecutively *unless* the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a).

Le argues that Judge Patel's oral pronouncement of sentence was ambiguous about whether it was to be served concurrently or consecutively to a sentence imposed in Le's Eastern District case. The Court is not persuaded. In contrast to her oral pronouncement in Luong, Judge Patel did not articulate her intent about the length of time she wanted Le to serve other than expressing her view that a total sentence of 240 months on the charges was "reasonable and fair." (Le Sentencing Transcript at 31:20.) Judge Patel also was aware that Le had not yet been sentenced by Judge Shubb at the time she sentenced Le and expressly stated that she did not have any control over that sentence. In addition, it was well-established at that time that "district courts

cannot order a sentence to run *either* concurrently or consecutively to a non-existent term." *United States v. Montes-Ruiz*, 745 F.3d 1286, 1290 (9thc Cir. 2014) (quoting *Taylor v. Sawyer*, 284 F.3d 1143, 1148 (9th Cir. 2002).

Accordingly, the Court concludes the proper remedy in this case is to strike the portion of Le's written judgment that reads:

> Sentence imposed on counts 2, 10, 11, 16, and 17 to be served concurrent to sentenced [sic] imposed in EDCA 2:96CR00350 WBS*;* Sentence imposed on count 12 to be served consecutive to EDCA 2:96CR00350 WBS; it is this Court's intent that this sentence shall be served completely in the event that the sentence imposed in EDCA is reduced or remanded such that if the sentence in EDCA 2:96CR00350 WBS is reduced below 180 months, the excess of this sentence on counts 1, 10, 11, 16, and 17 shall be served and the 60 months on count twelve shall always be served to [*sic*] the EDCA sentence and this sentence.

The Court shall issue an amended judgment in accordance with this ruling.

**IT IS SO ORDERED**.

Dated: March 28, 2022

_____
JEFFREY S. WHITE
United States District Judge

Cc: USPO Chris Carruba-Katz (by email)